BOARDMAN, Judge.
George B. Shaw appeals convictions and sentences for aggravated assault and burglary of a dwelling. The only point raised which has merit is appellant’s contention that the trial court erred in impaneling the jury in appellant’s absence over defense objection, but that error compels us to reverse.
Appellant’s trial was set for June 24, 1981, and appellant was duly so notified. However, on June 23, 1981, the trial judge informally notified counsel for both sides that he wished to impanel the jury that afternoon. Defense counsel appeared, but informed the judge that appellant was not then present or available. The trial judge announced that he would waive appellant’s presence. Although defense counsel stated he could not waive appellant’s presence, the judge confirmed his ruling. However, the judge said that the following day before swearing the jury he would entertain any specific objections to any juror that appellant might have. Jury selection then proceeded.
The next morning, the following occurred:
THE COURT: .... And at this particular point in time I would like to ask Mr. Moore to introduce his client to the jury or the prospective jury, and see if any of you all might know or recognize him.
MR. MOORE: Ladies and gentlemen, this is George B. Shaw. Is there any of you who recognize him? If so, please speak up at this time.
(The jurors shake heads negatively.)
THE COURT: Thank you. Okay. Now, you all know that you all are just tentative prospective jurors at this time. I would like for Mr. Moore to have an opportunity to review the questionnaires that you all filled out earlier when you all were selected to come down here, with his client for a moment and see if he would like to retain you all on the jury.
MR. MOORE: If Your Honor please, we have already had an opportunity to go through these questionnaries. Mr. Shaw has found nothing in here that he can articulate that any of these should be struck. I would like to state for the record I do not waive my previous objections to the Court selecting the jury in his absence.
THE COURT: Okay. Is the jury satisfactory to you, Mr. Moore and Mr. Shaw?
MR. MOORE: Yes, Your Honor.
THE COURT: Mr. Huerta, is the State satisfied with the jury?
MR. HUERTA: Yes, Your Honor.
THE DEFENDANT: Yes.
For the purpose of an accused’s constitutional right to be present at all stages of a trial, the trial runs from the commencement of the selection of the jury through rendition of the verdict and discharge of the jury. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969 (1915).
The selection of the jury is a critical stage of the trial, and the defendant has a right to be present in a felony case. Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884).
The prisoner is entitled to an impartial jury composed of persons not disqualified by statute, and his life or liberty may depend upon the aid which, by his personal presence, he may give to counsel and to the court and triers, in the selection of jurors. The necessities of the defense may not be met by the presence of his counsel only.
110 U.S. at 578, 4 S.Ct. at 204, 28 L.Ed. at 262.
The state insists that appellant ratified the proceedings which occurred in his absence. We disagree. Appellant cannot be said to have ratified the trial judge’s unorthodox procedure on this record. Counsel renewed his objection, and his and appellant’s subsequent acceptance of the jury was clearly based on the judge’s prior *22 ruling as to the limited circumstances under which appellant might challenge a juror, a ruling the defense clearly submitted to rather than one they agreed to.
Moreover, the trial judge’s willingness to allow appellant to make a specific objection to any juror does not cure the error or render it harmless. As stated by Blackstone and quoted with approval in Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892):
“In criminal cases, ... there is . .. allowed to the prisoner an arbitrary and capricious species of challenge to a certain number of jurors, without showing any cause at all; which, is called a peremptory challenge; a provision full of that tenderness and humanity to prisoners, for which our English laws are justly famous. This is grounded on two reasons: 1. As every one must be sensible, what sudden impressions and unaccountable prejudice we are apt to conceive upon the bare looks and gestures of another; and how necessary it is that a prisoner ... should have a good opinion of his jury, the want of which might totally disconcert him; the law wills not that he should be tried by any one man against whom he has conceived a prejudice even without being able to assign a reason for such his dislike....” 4 Bl.Com. 353;

146 U.S. 370, 376, 13 S.Ct. 136, 138, 36 L.Ed. 1011, 1014.
Accordingly, appellant’s convictions and sentences are REVERSED and the cause REMANDED for new trial.
OTT, C.J., and HOBSON, J., concur.